IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                    :        CHAPTER THIRTEEN
                                          :
JEFFREY J. BOGDANSKI                      :        BANKRUPTCY NO.: 5-15-bk-04482-RNO
KAREN LEE BOGDANSKI                       :
                                          :
            DEBTORS                       :

# OPINION

The Debtors, Jeffrey and Karen Bogdanski, are advancing a Chapter 13 plan which attempts to satisfy an obligation secured by Debtors' real estate and owing to PNC Bank, N.A. The plan proposes to pay $10,007.86 together with 6% interest over the life of the plan in full satisfaction of the debt. PNC has objected arguing that its unchallenged proof of claim is in the amount of $33,553.34, and, therefore, the plan proposal is far short of what PNC is entitled to under § 1325(a)(5).

The Debtors have focused their argument supporting the plan on the issue of merger inasmuch as PNC has obtained a judgment in foreclosure and case law holds that the terms of the mortgage merge with the subsequent judgment, therefore terminating the interest rate on the mortgage and the Debtors' obligation to maintain an escrow for taxes and insurance. *In re Stendardo*, 991 F.2d 1089 (3rd Cir. 1993). It is for this reason that the Debtors offer to pay PNC the face amount of the judgment, $10,007.86, together with the legal rate of interest, 6%. PNC doesn't challenge the argument of merger but points out that the wording of the judgment allows for those items which have increased the claim to $33,553.34. The relevant language of the Order granting judgment to PNC allows "the amount of $10,007.86, together with ongoing per diem interest, escrow advances, and any additional recoverable costs to the date of Sheriff's

Sale, and for foreclosure and sale of the mortgaged property." (Doc. Nos. 45, 46.) That judgment was entered June 3, 2015 - over four months prior to this bankruptcy. While there may be some dispute as to figures that supplement the base judgment, there can be no dispute that the judgment authorized a supplement to that base number in some amount.

The parties focus on this "merger" issue although my concern is a much more fundamental one. Section 1325(a)(5) requires that the value of property to be distributed under a plan on account of an allowed secured claim be not less than the allowed amount of such claim. Section 502(a) provides that a proof of claim is deemed allowed unless a party in interest objects. A secured proof of claim has been filed by PNC in the amount of $33,553.34. Since there is yet to be an objection to that claim, a plan which pays less than the proof can not be confirmed. The Debtors appear to rely on a provision of their plan dealing with secured claims to be modified. Plan at Doc. #32 paragraph 2.D. The Debtors, though, do not dispute the secured nature of the debt but that the entry of judgment determines the computation of the amount due. PNC does not disagree. In order to resolve that balance, the challenge must be adjudicated in claims litigation.

I find, therefore, that the objection to the plan must be sustained. If the Debtors challenge the amount of the secured claim, they should object to it.

My Order will follow.

By the Court,

/s/ John J. Thomas

Date: September 7, 2016

John J. Thomas, Bankruptcy Judge

(CMS)

[K:\Cathy\Opinions-Orders filed 2016\5-15-bk-04482-RNO_Bogdanski.pdf]